**NOT FOR PUBLICATION**

DEC 6 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVELINE RAHARDJA, | No. 12-71159 |
| Petitioner, | Agency No. A075-718-107 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Eveline Rahardja, a native and citizen of Indonesia, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reconsider and reopen removal proceedings.  We have jurisdiction under 8 U.S.C.

§ 1252.  We review for abuse of discretion the BIA's denial of a motion to reopen

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

or reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

Construed as a motion to reconsider, the BIA was within its discretion in denying Rahardja's motion where the motion was untimely, and it failed to identify any error of fact or law in the BIA's October 15, 2009 decision denying reopening. *See* 8 C.F.R. § 1003.2(b)(1); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n.2 (9th Cir. 2001) (en banc) (purpose of a motion to reconsider is not to raise new facts, but rather to demonstrate that the immigration judge or the BIA erred as a matter of law or fact).

Construed as a motion to reopen, the BIA did not abuse its discretion in denying the motion because Rahardja failed to establish prima facie eligibility for asylum or withholding of removal. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (agency may deny a motion to reopen based on failure to establish a prima facie case for the relief sought).

We have considered Rahardja's filings of April 25, 2013, June 12, 2013, August 29, 2013, and October 31, 2013, and find the contentions raised in those filings to be without merit.

**PETITION FOR REVIEW DENIED.**